IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

ARLEAN MOSES,        )
            )
    Plaintiff,      )
            )
   v.         )   1:09-CV-00175-TFM
            )   WO
MICHAEL J. ASTRUE,     )
COMMISSIONER OF SOCIAL SECURITY, )
            )
    Defendant.     )

# MEMORANDUM OPINION AND ORDER

Following administrative denials of applications for disability insurance benefits under Title II of the Social Security Act , 42 U.S.C. §§ 401 *et seq*., and supplemental security income under Title XVI, 42 U.S.C. §§ 1381 *et seq*., Arlean Moses ("Moses")  received a requested hearing, represented by counsel, before an administrative law judge ("ALJ"), who rendered an unfavorable decision on July 9, 2008.  When the Appeals Council rejected  review, the ALJ's decision became the final decision of the Commissioner of Social Security ("Commissioner"), and this judicial review proceeds pursuant to 42 U.S.C. § 405(g) and 28 U.S.C. § 636 (c).  After careful scrutiny of the record and briefs, the Magistrate Judge AFFIRMS  the Commissioner's decision.

## I.  STANDARD OF REVIEW

Judicial review of the Commissioner's decision to deny benefits is limited.    The court cannot conduct a *de novo* review or substitute its own judgment for that of the Commissioner. *Walden v. Schweiker*, 672 F.2d 835 (11th Cir. 1982). The Commissioner's decision must be considered conclusive "if it is supported by substantial evidence and the correct legal standards were applied."  *Kelley v. Apfel*, 185 F. 3d 1211, 1213 (11th Cir. 1999), *citing Graham v. Apfel*, 129 F. 3d

1420, 1422 (11th Cir. 1997).

Substantial evidence is less than a preponderance; instead, it is considered such relevant evidence as a reasonable person would accept as adequate to support a conclusion. *Richardson v. Perales, 402 U.S. 389, 401 (1971),Crawford v. Commissioner of Soc. Sec*., 363 F.2d 1155, 1158-59 (11th Cir. 2004);  *Falge v. Apfel*, 150 F.3d 1320, 1323 (11th Cir. 1998).  Substantial  evidence is "more than a scintilla but less than a preponderance," *Bloodsworth v. Heckler, 703 F. 2d 1233, 1239 (11th Cir. 1983),* and does not require, "a large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 564-565 (1988). On appeal, this Court may not "decide the facts anew, reweigh the evidence, or substitute [its] judgment' for that of the Commissioner, even if it finds the evidence susceptible to more than one rational interpretation.  *Bloodsworth,* 703 F. 2d at 1239.

## II.  ADMINISTRATIVE FINDINGS

 Born in August, 1967, Moses has not engaged in substantial gainful work  since the alleged onset of disability on July 18, 2003. Moses is a high school graduate with past relevant work experience as a nursery attendant, sales worker, cook, security guard, maintenance mechanic, cashier, and child monitor.  (R.28).

The ALJ found that Moses  has a combination of impairments considered severe: occipital neuralgia; major depression; left carpal tunnel; generalized anxiety disorder; mild degenerative lumbar disease with mild radiculopathy; cervical radiculopathy; status post right ulnar fracture; and internal derangement of the knee. He concluded, however,  that "[t]he claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R §§ 404, Subpart P, Appendix 1(20 C.F.R. 404.1520(d), 4041525, and 404.1526) . The ALJ identified four reasons  Moses was "not totally credible" in her assertion that

2

her physical condition prevents her from engaging in substantial work activity.  First, the record shows Moses did engage in work activity although the work did not rise to the level of substantial gainful activity.  Specifically, the ALJ decided the work Moses did perform belies her allegation that she was unable to function because of chronic pain and depression.  Second, diagnostic tests did not reveal Moses has functional limitations from a physical standpoint.  Third, the treating neurologist in his May, 2005 notes found the prognosis for Moses was stable following surgery to repair a right ulna fracture.  Finally, the notes from Dr. Elliot, a treating physician, reveal medication stabilizes Moses' pain symptoms.  After finding Moses unable to perform any of her past relevant work, the ALJ determined nonetheless that Moses is capable of making a successful adjustment to other work as a surveillance system monitor, which exists in significant numbers in the national economy.  Accordingly, the ALJ found that Moses was not disabled as defined in the Act, at any time through the date of [his] decision."[1]

### III.  ISSUES

Moses appeals raises three issues:

(1)     Whether the ALJ properly discounts the opinion of treating physician;

(2)     Whether the ALJ gave proper consideration to her GAF score of 45;

(3)     Whether the ALJ had to address the  fibromyalgia diagnosis.

Whether the actions of the ALJ in each instance was proper hinges on whether the Commissioner's  disability decision is supported by proper legal standards and by substantial evidence.  *See Bridges v. Bowen*, 815 F.2d 672 (11th Cir. 1987).

---

[1]The ALJ's disability analysis followed the  five-step sequential evaluation process summarized in  *Davis v. Shalala*, 985 F. 2d 528, 532 (11th Cir. 1993) and *Cannon v. Bowen*, 858 F.2d 1541 (11th Cir. 1988). *See* R. 18.

## IV.  OPINION

I.    **The ALJ properly rejected the opinion of the treating physician**

In essence, Moses does not argue the ALJ did not have facts sufficient to reject the medical opinion of Dr. Strunk, the treating physician. Rather, Moses argues the Court should find on review that the ALJ drew incorrect inferences from the facts at hand.

Both parties and the Court agree the ALJ must accord substantial weight to the opinion of a treating physician's opinion, diagnosis and medical evidence  unless there is good cause to do otherwise.  *Phillips v. Barnhart,* 357 F. 3d 1232, 1241(11th Cir. 2004); *Lewis v.* Callahan, 125 F.3d 1436, 1439- 41 (11th Cir. 1997); *Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991).[2]  "Good cause" exists if  the treating physician's opinion is not bolstered by the evidence,  is conclusory or inconsistent with  the physician's own  medical records, or if the evidence supports a contrary finding.  *Phillips*, 357 F. 3d at 1241-42.

The reason the ALJ gave to reject the opinion of Dr. Strunk was:

The undersigned, however, has not provided any weight to the opinion offered by Dr. Strunk.  That is, Dr. Strunk's opinion is contradicted by his own progress notes. ... A review of Dr. Strunk's treatment notes fail to establish that he indicated the claimant experiences hallucinations, delusions, or a memory problem.  Further, he never identified that she was experiencing "marked limitations in functioning, and prior to May 2008, he never documented that the claimant had experienced "four or more" episodes of decompensation.  In contrast, his treatment notes identify that the claimant, when complaint [sic] with medication, showed improvement (Exhibits 14-F and 20-F).  Moreover, the record documents only three visits with Dr. Struck [sic] during July 2007, September 2007, and March 2008.  Despite only three visits and an acknowledgment that he had treated the claimant since only July 2007, Dr. Strunk rendered an opinion that the claimant was unable to function in a work setting from a mental standpoint (Exhibit 24-F).  This opinion is not consistent with his treatment notes and medical evidence contained in the record as a whole.  Indeed, Dr. Strunk noted in July 2007 that the claimant was working at that time, which is a finding that

[2]S*ee also* 20 C.F.R. § 404.1527 (d).

is contrary to his assessment that the claimant has been unable to function in a work setting because of her mental problems.

(R. at 22-23).

On review, the Court finds the ALJ articulates sufficient reasons to deny benefits to Moses despite her arguments to the contrary.   For instance, Moses argues the records indicate major depression with psychotic features (R. 350).  While the Court agrees depression may become severe enough to award benefits, there was nothing before the ALJ to conclude Moses had depression sufficient to preclude her from gainful work.  Notes from Dr. Strunk indicate the manifestations of depression in Moses, as reported by Moses, were diminished self esteem, anhedonia, weight gain, poor sleep, and at times, passive thoughts of death. (R. 350).  None of these manifestations, nor any of the medical records show or even suggest Moses suffers from hallucinations, delusions or memory problems which prevent Moses from obtaining and maintaining employment.

Perhaps the most damaging evidence to support the ALJ and to deny benefits to Moses is the fact Moses was employed in 2007.  While Moses did not earn a great deal of income in 2007, her employment, coupled with the relatively few times Moses sought treatment for her depression, are sufficient reasons for the ALJ to discount Dr. Strunk's opinion that Moses is unable to work. Furthermore, to the extent Moses had mental problems, her mental status improved with medication over time. (Exhibits 14-F, 20-F, 27F).

In sum, Moses argues her interpretation of the evidence should prevail.  While the evidence could be interpreted in the manner Moses suggests, the ALJ drew contrary inferences.  On appeal, the Court cannot and in this instance would not, "decide the facts anew, reweigh the evidence, or substitute [its] judgment' for that of the Commissioner, even if it finds the evidence susceptible to more than one rational interpretation. *Bloodsworth*, 703 F. 2d 1233, at 1239.

5

**II.   The ALJ properly discounted the GAF of 45.**

Moses argues that the ALJ did not articulate specific reasons to explain why her GAF score of 45, coupled with her evidence of impairments, was not sufficient to establish disability.  It is clear and undisputed by Moses that the ALJ was aware that Dr. Strunk rated Moses' GAF at 45.  (R.20, Ex. 14-F).  The ALJ did not specifically address why the GAF score combined with other factors was not sufficient to establish disability.  The  findings of the ALJ, set forth *supra*, clearly articulate why the ALJ rejected the opinion and findings of Dr. Strunk.  While the ALJ might have addressed in greater detail the correlation of the GAF score and other the factors, an ALJ is not required to discuss every piece of evidence.  *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005).  It is clear the ALJ gave no weight at all to the opinions of Dr. Strunk, which necessarily includes his GAF rating, and the reasons Dr. Strunk gave to support his GAF rating.

Furthermore, the Commissioner does not endorse the use of the GAF scale in disability determinations because they have no "direct correlation to the severity requirements of the mental disorders listings."  *See* 65 Fed. Reg. 50746, 50764, 2000 WL 1173632 (Aug. 21, 2000).

**III.   The ALJ did not have to address the  fibromyalgia diagnosis by Dr. Zhang.**

Moses argues and a single medical record before the ALJ confirms that Dr. Zhang, a treating neurologist, diagnosed her as suffering from fibromyalgia on April 18, 2006. (R. 366).  The ALJ opinion does not address fibromyalgia or any potential effects on Moses.

The record before the ALJ is clear that there is only one reference to fibromyalgia and there were no diagnostic tests given to, or treatments received by Moses, related to fibromyalgia.  Indeed, Moses did not list fibromyalgia in her application for benefits or discuss fibromyalgia as a basis for her disability during the hearing before the ALJ.  (R. 111; 485-509).  Specifically, Moses said before

the ALJ:

> Q. OKAY. And ma'm could you tell us about your disability?  What are the problems that you're having that keep you from being able to work?
>
> A. Okay.  I'll start – I have a pinched nerve in my neck.  I have ulna patch syndrome in my right wrist due to a radius break.  I have carpal tunnel syndrome in my left wrist.  I have disarrangement of the right knee.  I have a pinched nerve or disk in my lower back.  I have plantar facitis in both feet. And I have bipolar and obsessive compulsive disorder.  I, I think that's it.

(R. 190).  Moses never mentioned Dr. Zhang during her testimony before the ALJ.

A social security claimant applying for benefits must prove that he is disabled.  *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999).  An applicant fails to raise a claim of impairment if it is not listed in the disability application, nor raised during claimant's administrative hearing.  Consequently, "an administrative law judge is under no obligation to investigate a claim not presented at the time of the application for benefits and not offered at the hearing as a basis for disability."  *Street v. Barnhart*, 133 Fed.Appx. 621, 627 (11th Cir. 2005), quoting *Pena v. Chater*, 76 F.3d 909, 909 (8th Cir. 1996).  The Court finds from the lack of treatment for fibromyalgia, failure to seek treatment for fibromyalgia, and failure to mention fibromyalgia before the ALJ reflects the fact that fibromyalgia is not a serious malady which besets Moses. *Street, id*.

**V.   CONCLUSION**

The court has carefully and independently reviewed the record and AFFIRMS the decision

of the Commissioner.

A separate judgment will issue.

DONE this 9th day of April, 2010.

                                        /s/ Terry F. Moorer
                                        TERRY F. MOORER
                                        UNITED STATES MAGISTRATE JUDGE